UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DELONGIS,

    Petitioner,

    v.

DERRICK L. OLLISON, Warden Ironwood State Prison,

    Respondent.
_____/

No. C 06-4236 PJH

**STAY ORDER;
ADMINISTRATIVE CLOSURE**

Petitioner, a California prisoner who is currently incarcerated, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee. Venue is proper in this court, as the conviction was obtained in Sonoma County, which is in this district. See 28 U.S.C. § 2241(d).

## BACKGROUND

A Sonoma County jury convicted petitioner of second degree murder and spousal battery. He was sentenced to a fifteen year to life term for the second degree murder count, and an eight year term for the remaining count. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal, and the Supreme Court of California denied review. Petitioner has also filed a state habeas petition to raise additional issues, which petition is pending. Petitioner asks the court to stay the instant case pending exhaustion of his state habeas petition.

## DISCUSSION

A.    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

1 custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §
2 2254(a).
3    It shall "award the writ or issue an order directing the respondent to show cause why
4 the writ should not be granted, unless it appears from the application that the applicant or
5 person detained is not entitled thereto." Id. at § 2243.
6    B.    Legal Claims
7    As grounds for federal habeas relief, petitioner asserts: (1) that his Fifth, Sixth,
8 Eighth, and Fourteenth Amendment rights were violated when the trial court failed to
9 instruct the jury that it could consider the issue of petitioner's intoxication in determining
10 evidence of malice; (2) that his Fifth, Sixth, and Fourteenth Amendment rights were violated
11 when the trial court failed to instruct the jury that it could consider evidence of petitioner's
12 mental state in relation to the second-degree murder charge; and (3) that his Fifth, Sixth,
13 and Fourteenth Amendment rights were violated when appellate counsel was ineffective in
14 failing to raise issue (2) on appeal.
15    These claims are cognizable, but petitioner concedes that all except for claim one
16 are not exhausted. He asks that the case be stayed pending exhaustion, and notes that he
17 is presently pursuing the unexhausted claims in the state court system.
18    The United States Supreme Court has recently held that district courts have
19 authority to stay mixed petitions to allow for exhaustion. See Rhines v. Webber, 125 S. Ct.
20 1528, 1535 (2005). However, such stays can only be granted upon a showing of good
21 cause for petitioner's failure to exhaust the issues before filing the federal petition, and a
22 showing that the issues which the petitioner proposes to exhaust are "potentially
23 meritorious." Id.
24    With respect to good cause, petitioner alleges that once the remaining claims are
25 exhausted, the window in which he has to file his federal petition is extremely narrow –
26 approximately twelve days – and that absent a stay, any small delay in notification to
27 petitioner may result in the forfeiture of his rights under AEDPA. These allegations are
28

sufficient. Moreover, petitioner's claims are "potentially meritorious," in that they present colorable federal claims.

Accordingly, the stay will be granted.

## **CONCLUSION**

For the foregoing reasons, petitioner's request for a stay is GRANTED, and the case is hereby STAYED to allow petitioner to present his unexhausted claims in state court. If petitioner is not granted relief in state court, he may return to this court and ask that the stay be lifted. The stay is subject to the following condition:

1. Petitioner must notify this court within thirty days after the state courts have completed their review of his claims or after they have refused review of his claims.

If this condition of the stay is not satisfied, this court may vacate the stay and act on this petition. See Rhines, 125 S. Ct. at 1535 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back").

The clerk shall administratively close this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened and the stay vacated upon notification by petitioner in accordance with the condition noted above.

**IT IS SO ORDERED.**

Dated: August 14, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge

3