UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DELONGIS,

    Petitioner,

    v.

DERRICK L. OLLISON, Warden
Ironwood State Prison,

    Respondents.
_____/

No. C 06-4236 PJH

**ORDER TO SHOW CAUSE;
ORDER ADMINISTRATIVELY
REOPENING CASE**

On August 14, 2006, the court issued a stay order in response to petitioner's request for stay of the instant petition, pending exhaustion of several of the claims raised in the petition. The court's order also administratively closed the case, and ordered petitioner to notify the court within 30 days of the completion of state court review of petitioner's claims.

On February 5, 2007, petitioner notified the court that the state court has completed review of petitioner's previously unexhausted claims and issued a one-line denial of petitioner's state habeas petition. Accordingly, the court hereby lifts the stay previously entered in this case, administratively re-opens the matter, and further instructs the parties as follows.

## BACKGROUND

A Sonoma County jury convicted petitioner of second degree murder and spousal battery. He was sentenced to a fifteen year to life term for the second degree murder count, and an eight year term for the remaining count. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal, and the California Supreme Court denied review. Following a stay of these proceedings, the California Supreme Court denied petitioner's state habeas petition on January 24, 2007.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* at § 2243.

B.   Legal Claims

As grounds for federal habeas relief, petitioner asserts: (1) that his Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated when the trial court failed to instruct the jury that it could consider the issue of petitioner's intoxication in determining evidence of malice; (2) that his Fifth, Sixth, and Fourteenth Amendment rights were violated when the trial court failed to instruct the jury that it could consider evidence of petitioner's mental state in relation to the second-degree murder charge; and (3) that his Fifth, Sixth, and Fourteenth Amendment rights were violated when appellate counsel was ineffective in failing to raise issue (2) on appeal.

These claims are sufficient to require a response.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.   The court hereby lifts the previous stay entered in this case on August 14, 2006, and orders that the case be administratively re-opened.

2.   The clerk shall serve by regular mail a copy of this order and the petition on respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner and petitioner's counsel.

3.   Respondent shall file with the court and serve on petitioner, within sixty days

of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. Respondent shall also include all briefs and any record filed before the California Supreme Court in connection with petitioner's state habeas petition, which was denied on January 24, 2007.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

**IT IS SO ORDERED.**

Dated: February 21, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

3